Betty A. Ramseyer, Individually, and as Administrator of the Estate of Beulah Rill Miller, Deceased, Plaintiff-Respondent, v. Illinois Central Railroad Company, a Corporation, Defendant-Petitioner.

Gen. No. 53,216.

First District, Third Division.

May 1, 1969.

Ruttenberg & Ruttenberg, of Chicago (David W. Ruttenberg and Marvin H. Ruttenberg, of counsel), for plaintiff-respondent.

John W. Foster, Lawrence Lawless, and Philip Seely, of Chicago (Robert Mitten, of counsel), for defendant-petitioner.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is a petition for leave to appeal from the trial court's order granting a new trial in a wrongful death action for damages due to the defendant's alleged negligent operation of its railroad. The jury returned a verdict in favor of the defendant, but upon the plaintiff's motion the trial court vacated its judgment on the verdict and granted a new trial.

■ It is well established that a motion for a new trial is addressed to the discretion of the trial judge, and his judgment will not be reversed except for a clear abuse of discretion which must affirmatively appear in the record. (Potter v. Ace Auto Parts & Wreckers, Inc., 49 Ill App2d 354, 199 NE2d 618.) In granting a new trial, the trial judge emphasized that in view of the very close factual issues presented in the case, the defendant's failure to offer proof of the allegedly inconsistent statements made by a key plaintiff's witness, after having laid the foundation to impeach, prejudiced the plaintiff's case thereby necessitating a new trial.

The following cross-examination of the plaintiff's only occurrence witness, Lawrence Swislow, was conducted by defense counsel in an apparent attempt to impeach the witness's direct testimony which indicated that the decedent was within the boundaries of the pedestrian crosswalk when she was struck by the defendant's train:

"Q. Mr. Swislow, isn't it a fact that you told an Illinois Central employee that you saw the deceased walk southeast across Jeffery and that she was going around the south pedestrian gate?

"A. I could not truthfully say that because I do not remember the exact—whether or not if I had the conversation.

"Q. But did you have a conversation?

"A. I remember talking to an employee of the Illinois Central.

"Q. Do you remember that you shouted to the lady that you saw in danger and that you shouted to her?

"A. No, I did not."

This form of cross-examination was strenuously objected to by the plaintiff, and the trial judge only allowed such impeachment attempts after defense counsel assured him in open court and in the presence of the jury that the defense would produce a witness to support the attempted impeachment.

The defendant produced Edwin Dahlin, a conductor on the train which struck the deceased, whose testimony in no way impeached Swislow. In addition, the jury did not know that the witness Dahlin was the employee of the Illinois Central referred to during the attempted impeachment of Lawrence Swislow. The defendant's entire case lacked any evidence to support the alleged impeaching and inconsistent statements of Swislow despite the earlier

assurances of the defendant that such evidence would be forthcoming.

We agree with the trial judge's conclusion that, under the facts at bar, it was highly prejudicial for the defendant, having laid the foundation for impeachment of a key plaintiff's witness on a material issue of the deceased's exercise of care, to fail to offer proof of the prior inconsistent statements. (See: Reese v. Crain, 98 Ill App2d 380, 240 NE2d 358; Schoolfield v. Witkowski, 54 Ill App2d 111, 203 NE2d 460; Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348.) The fact that defense counsel acted in good faith when he made his assurances to the court in no way negates the prejudicial effect of such an error. Accordingly, the defendant's petition for leave to appeal is denied.

Leave to appeal denied.

SCHWARTZ and DEMPSEY, JJ., concur.