(No. 56871.—

RODOLFO MESA, Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant.

*Opinion filed September 16, 1983.*

James P. Daley and John S. Bishof, Jr., of Chicago, and Theodore J. Williams, Jr., of Shepherd, Sandberg & Phoenix, of St. Louis, for appellant.

Paul L. Pratt, P.C., of East Alton (Roy W. Strawn, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

The plaintiff, Rodolfo Mesa, a Cook County resident, retained a Madison County law firm to file a complaint on his behalf in Madison County, Illinois. The county seat of Madison County is Edwardsville, located some 300 miles from Chicago. Mesa brought this action pursuant to the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1972)) for personal injuries allegedly caused by the negligence of his employer, the Chicago and North Western Transportation Company. The defendant moved in the trial court to dismiss the case based upon the doctrine of *forum non conveniens*. The motion was denied on March 12, 1982. Pursuant to Supreme Court Rule 306 (85 Ill. 2d R. 306), the defendant sought review of the order denying the motion which was denied by the appellate court on May 12, 1982. The defendant then petitioned this court, appealing the order denying the defendant's petition. We granted the defendant's petition for leave to appeal. 87 Ill. 2d R. 315.

The issues before us are (1) whether the appellate court erred in denying the defendant's petition for leave to appeal and (2) whether the doctrine of *forum non conveniens* is applicable to actions arising within the State of Illinois.

On August 25, 1980, Mesa allegedly sustained personal injuries while employed as a trackman by the Chicago and North Western Transportation Company (North Western), located in the city of Evanston, Cook County. Mesa was treated for his injuries at Augustana Hospital in Chicago, and further examined and treated by seven doctors whose medical offices are located in Chicago.

The North Western has its principal office and place of business at Chicago. It owns and operates railroad properties in other areas, including Madison County.

On July 28, 1981, a complaint was filed against the North Western under the Federal Employers' Liability

Act in the circuit court of Madison County charging the defendant with negligence and seeking damages for injuries allegedly sustained by Mesa on August 25, 1980.

On August 21, 1981, defendant filed its appearance and motion to dismiss based on section 48(1)(f) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(f)). That motion was denied October 16, 1981.

On November 4, 1981, defendant filed its motion, seeking dismissal or, in the alternative, transfer of Mesa's complaint to Cook County on the basis of *forum non conveniens*. The motion was heard on December 29, 1981. On March 12, 1982, the court entered an order denying the motion to dismiss on the basis of *forum non conveniens*.

Defendant thereafter filed a petition for leave to appeal to the appellate court pursuant to Rule 306 (85 Ill. 2d R. 306). On May 12, 1982, defendant's petition was denied.

We first address the issue of appealability. Rule 306 provides:

"An appeal *may* be taken in the following cases only on the allowance by the Appellate Court of a petition for leave to appeal:
***

(ii) from an order of the circuit court denying a motion to dismiss on the grounds of *forum non conveniens*." (Emphasis added.) 85 Ill. 2d R. 306(a)(1)(ii).

The defendants would have us believe that the granting of leave to appeal by the appellate court is a matter of right. Clearly it is not, and we feel that a further discussion of the defendant's arguments on this issue is unwarranted.

The second issue to be addressed in this appeal is whether the doctrine of *forum non conveniens* is applicable to actions arising within the State of Illinois. That issue has been addressed and resolved in our decision in *Torres v. Walsh* (1983), 98 Ill. 2d 338.

Prior to the filing of our opinion in *Torres*, it had not been established that an intrastate application of the doctrine of *forum non conveniens* was ever appropriate in this State. Since we have ruled that there are exceptional cases in which it is, we have decided that the trial court in the instant case is now in a better position to consider and weigh the relevant factors we articulated in *Torres* in making its decision on the *forum non conveniens* motion.

We therefore, as an exercise of our supervisory authority (Ill. Const. 1970, art. VI, sec. 16), remand this case to the circuit court of Madison County for consideration of the defendant's motion in accord with our decision in *Torres*.

*Supervisory order entered.*