(No. 60724.—

PHILIP M. SUNICH, Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant.

*Opinion filed May 24, 1985.*

James P. Daley and George H. Brant, of Chicago, for appellant.

Roy W. Strawn, of Paul L. Pratt, P.C., of East Alton, for appellee.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Philip M. Sunich, brought this action in the circuit court of Madison County against the defendant, the Chicago and North Western Transportation Company, under the Federal Employers' Liability Act (45 U.S.C. secs. 51 through 60 (1982)). Urging the intrastate application of the doctrine of *forum non conveniens,* the defendant moved to dismiss the cause or, alternatively, to transfer it to a more convenient forum within Illinois. The circuit court denied the motion, and the appellate court affirmed that decision (125 Ill. App. 3d 1181). We allowed the defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)) and now affirm the judgment of the appellate court.

In *Torres v. Walsh* (1983), 98 Ill. 2d 338, this court approved the intrastate application of the doctrine of *forum non conveniens* in actions filed on or after September 16, 1983, the date when that decision was filed; we also approved the use of the doctrine in *Torres* itself and

in another action then pending in this court, *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356. The question presented in this appeal is whether the rule announced in *Torres* should also be available to an action that was filed before September 16, 1983.

The procedural history of this case may be stated briefly. The plaintiff filed his complaint on April 4, 1983, in Madison County alleging an occurrence in Cary, Illinois, in August 1981. Invoking the doctrine of *forum non conveniens,* the defendant moved to dismiss the action or, alternatively, to have it transferred to a different forum within the State. In support of that motion the defendant filed affidavits and other documents detailing the limited relationship that the cause of action bore to Madison County, the inconvenience and unnecessary expense that would result in trying the action there, and the crowded condition of its docket. According to this information, the plaintiff lived in McHenry County, where the accident allegedly occurred. Moreover, all the occurrence, post-occurrence, and medical witnesses were from Cook, Du Page, Lake, or McHenry counties. Venue was proper in Madison County because of the defendant's business activities there. But apart from the bare circumstance that venue was proper there—a circumstance necessarily present whenever a question of *forum non conveniens* is posed (see *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511)—the only apparent connection between Madison County and the plaintiff's action against the defendant lay in his choice of an attorney, whose office was in that county.

The defendant's *forum non conveniens* motion was argued September 30, 1983. The decisions in *Torres* and *Mesa* had been filed two weeks earlier, and they were discussed by the parties at the hearing. At that time the

application of *Torres* to the action here was an open question; this court had not yet spoken regarding the prospective operation of the new rule. The circuit judge denied the motion on October 4, 1983, finding that the docket in Madison County was not congested. Following that, this court modified *Torres* to make clear the effective date of the new rule—it was to apply there, in *Mesa*, and to actions commenced on or after September 16, 1983, the date when the decisions in those two cases were filed. The appellate court accepted the defendant's appeal from the ruling on the *forum non conveniens* motion (94 Ill. 2d R. 306(a)(1)(ii)) and in an order entered July 31, 1984, affirmed the denial of the motion. The appellate court relied on the modification to *Torres* setting out its effective date.

In *Torres* we let stand the trial judge's intrastate application of the doctrine of *forum non conveniens* to the underlying action; as originally filed our decision was silent, however, on the question whether the new rule was available in other pending cases. That question was raised in briefs submitted by various *amici curiae* in support of and in opposition to rehearing, and several different views were expressed. Some urged a nonretroactive operation, limiting the availability of the doctrine to the parties in that action and to cases filed on or after the date of the decision or some other date. One group of *amici* comprising several railroad companies, including the defendant here, the Chicago and North Western, argued instead that *Torres* simply gave voice to and applied a principle that already existed in Illinois law. Relying on that interpretation, those *amici* believed that no genuine question of retroactivity or prospectivity existed and that intrastate application of the doctrine should be available in actions already commenced by the date of the original opinion. Finally, the plaintiffs in the underlying action argued in favor of a purely prospective

effect for the new rule, which would exclude its operation in their case.

The operation of the *Torres* rule was made clear in a modification to the opinion made December 2, 1983, on the denial of rehearing. A concluding paragraph was added; it said:

"In conclusion, since this is the first pronouncement of this court allowing the intrastate application of the doctrine of *forum non conveniens,* we believe it is only equitable that we apply our holding to this case, the case of *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356 (which we remanded to the circuit court under our supervisory authority) and to all cases filed on or after September 16, 1983, the date on which the opinions in this case and the *Mesa* case were filed." (98 Ill. 2d 338, 353.)

Thus, the court in *Torres* gave the new rule what has been termed "nonretroactive" effect. (See Beytagh, *Ten Years of Non-Retroactivity: A Critique and a Proposal,* 61 Va. L. Rev. 1557, 1557 n.2 (1975).) The rule was to apply there, it was to apply in *Mesa,* another case pending on this court's docket, and it was to apply in cases filed on or after the date of the original opinion in *Torres.*

In this appeal the defendant makes essentially the same argument that we rejected in determining the operation of the new rule announced in *Torres*; although the defendant was a party in *Mesa,* its participation in *Torres* was limited to its role as one of six companies that submitted a joint brief as *amici curiae,* and we do not decide here whether rejection of the argument would be warranted under principles of collateral estoppel. The defendant contends that *Torres* did not announce a new rule of law but instead merely applied an existing one and therefore no problem could have arisen in applying the holding to other pending actions. (See *Nabisco, Inc.*

*v. Korzen* (1977), 68 Ill. 2d 451.) The defendant concludes that intrastate application of the doctrine should be available here, for the issue was properly presented and preserved. We decline the defendant's invitation to reinterpret *Torres* and *Mesa*.

In announcing a new principle of law and overthrowing an old one on which litigants had relied, our decision not to make *Torres* applicable to other pending cases was appropriate. (See *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349; *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422.) An earlier decision of this court had intimated that *forum non conveniens* was limited to interstate applications. (*Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 159 ("We hold, therefore, that there is available in Illinois the doctrine of *forum non conveniens* as a ground for refusal by a court to exercise jurisdiction over a cause of action arising beyond the State's boundaries").) Relying on that statement, the appellate court had held that the doctrine was not available to effect intrastate transfers. (*Riverside Medical Center v. Holman* (1983), 112 Ill. App. 3d 999; *Farah v. Farah* (1975), 25 Ill. App. 3d 481; *Emerton v. Canal Barge Co.* (1966), 70 Ill. App. 2d 49.) Although the court in *Horn v. Rincker* (1981), 84 Ill. 2d 139, invoked the principles that underlie the doctrine of *forum non conveniens* in entering a supervisory order effecting an intrastate transfer and consolidation of several actions, the court there expressly did not base its decision on that doctrine. Thus, in *Mesa* we fairly observed, "Prior to the filing of our opinion in *Torres*, it had not been established that an intrastate application of the doctrine of *forum non conveniens* was ever appropriate in this State." (98 Ill. 2d 356, 359.) In *Torres*, then, we did not simply apply a dormant but unquestioned principle of Illinois law. Rather, our decision there was a departure from the ear-

lier views expressed by the courts of this State, and a question regarding the operation of the new rule was properly present.

Moreover, our selection of the commencement of an action as the relevant act in determining the application of *Torres* implicitly recognized that the new rule would affect not the location of occurrences but rather litigants' choice of a forum. Given that purpose for the rule, prospective operation of it was appropriate.

The defendant also argues that not extending the rule in *Torres* to other cases pending at the time of that decision is inequitable and violates principles of equal protection. The defendant questions the restriction to the parties in *Torres* and *Mesa* as the beneficiaries of the new rule, to the exclusion of parties in other pending cases. A similar argument was made and rejected in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104. The defendant there sought to apply the rule allowing contribution among tortfeasors, recognized and applied in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, to an accident that occurred before its effective date. The court found no violation of equal protection, for normally the effect to give a decision announcing a new rule is not of constitutional concern (*Great Northern Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 77 L. Ed. 360, 53 S. Ct. 145 (a court may overrule a decision purely prospectively)); see *List v. O'Connor* (1960), 19 Ill. 2d 337, and *Peters v. Bellinger* (1960), 19 Ill. 2d 367 (refusing to apply *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, abolishing governmental tort immunity, to cases that arose before its effective date).

Indeed, our holding in *Torres* that the new rule should apply nonretroactively—to the parties there and in *Mesa* and to cases filed on or after the date those decisions were filed—is consistent with a long line of cases

in which this court has applied new rules to the parties in the particular appeal and otherwise prospectively only. (See, *e.g., Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28 (doctrine of comparative negligence applicable to parties on appeal, to trials commenced on or after date of issuance of mandate in that appeal, and to pending cases reversed for other reasons); *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 16-17, *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 46, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, 50 (rule allowing contribution among joint tortfeasors applied to parties in those appeals and "prospectively to causes of action arising out of occurrences on and after March 1, 1978"); *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359 (decision allowing a child a cause of action for negligent acts committed against the mother before the child's conception applicable to parties in that appeal and to "cases arising out of future conduct"); *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 338 (charitable immunity abolished with respect to the parties in that appeal but decision otherwise "given prospective effect only, from the date upon which the opinion in this case becomes final"); *Molitor v. Kaneland Community Unit District No. 302* (1962), 24 Ill. 2d 467, and *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11 (doctrine of governmental tort immunity abolished with respect to actions arising out of occurrence there and to cases arising in the future).) Underlying these decisions is the view that the parties in the particular appeal are entitled to the benefit of the new rule that they helped produce, but that prospective operation is otherwise appropriate, given the possible reliance on the overthrown decision or view.

*Trexler v. Chrysler Corp.* (1984), 104 Ill. 2d 26, does not compel a different result here. Our decision in *Alsup*

*v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, concerning identification of tortfeasors in releases from liability, was applied in *Alsup* itself and otherwise prospectively to releases executed after January 20, 1984. An exception to that was made in *Trexler*, however, even though the release there had been executed before that date, and the new rule was applied in that case also. The court in *Trexler* noted, "The petition for leave to appeal in this cause was pending when the opinion in *Alsup* was filed and was allowed before *Alsup* was modified." (104 Ill. 2d 26, 29.) In contrast to *Trexler*, the action here was pending in the circuit court when *Torres* was decided.

Therefore, we adhere to our statement in *Torres* that the intrastate application of the doctrine of *forum non conveniens* is available prospectively, in actions filed on or after September 16, 1983. Because the action here was filed before that date, the rule is unavailable. We affirm the judgment of the appellate court and remand the cause to the circuit court of Madison County for further proceedings.

*Judgment affirmed;*
*cause remanded.*