MARSHALL McKENZIE, Plaintiff-Appellee, v. ADAM ROMEISER, JR., Defendant-Appellant.

First District (4th Division)   No. 1—89—0129

Opinion filed October 25, 1990.—Rehearing denied December 19, 1990.

JIGANTI, J., dissenting.

Wildman, Harrold, Allen & Dixon, of Chicago (William J. Rogers, Thomas E. Patterson, and Susan J. Flieder, of counsel), for appellant.

Mullen, Minella & Chase, of Chicago (John C. Mullen and Cynthia L. Chase, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Adam Romeiser, Jr., M.D., appeals from the portion of an order of the circuit court of Cook County granting the motion for a new trial brought by plaintiff, Marshall McKenzie. Defendant also appeals the trial court's denial of his motion for judgment notwithstanding the verdict. As part of the order, this cause was transferred out of Cook County and into Lake County for retrial. Plaintiff appeals the portion of the order transferring this case to Lake County. The following issues are presented for review: (1) whether the trial court erred in granting a new trial on the damage and liability issues; (2) whether the trial court erred in denying defendant's motion for a judgment notwithstanding the verdict; and (3) whether this cause was properly transferred to Lake County for retrial.

We affirm in part and reverse in part.

This medical malpractice case stems from injuries sustained by plaintiff as a result of a bariatric surgical procedure performed by defendant. Defendant performed the surgery in an effort to control plaintiff's weight. Prior to surgery, plaintiff weighed approximately

285 pounds, a level of morbid obesity for a man of his stature.

On January 12, 1981, defendant admitted plaintiff to Lake Forest Hospital. Gastroplasty surgery was performed by defendant the following day. The purpose of the surgery was to reduce the size of plaintiff's stomach, thereby limiting the amount of food taken in and diminishing plaintiff's appetite. Approximately five hours after the surgery, complications developed. Plaintiff had begun to bleed through a drain that had been placed in his stomach. When defendant performed a second surgery to correct his problem, he discovered that plaintiff's spleen had been lacerated during the first operation. Defendant then removed plaintiff's spleen.

On January 28, 1981, approximately four days after plaintiff had been discharged, he returned to the hospital in a dehydrated and acidotic state. According to defendant, this indicated that although plaintiff had been burning up his body's store of fat, he had not taken in a lot of food.

Dr. Miles Cunningham examined plaintiff on January 31 and concluded that plaintiff would have to undergo surgery to relieve an obstruction that had developed after plaintiff's first procedure. X rays, later taken, revealed that an opening in plaintiff's stomach was obstructed which prevented food from passing through plaintiff's system. This prognosis was confirmed when a surgical endoscopy was performed on February 16. A surgical endoscopy is an examination performed with an instrument that allows the surgeon to view the interior of a hollow organ.

Based upon preoperative diagnosis, it was determined that plaintiff would also need corrective surgery due to the following: gallstones; an open wound on plaintiff's abdomen; and an obstructed gastoplasty. Treatment of the open wound required that a skin graft be taken from plaintiff's left thigh and sutured to the wound.

On February 24, major surgery was performed to remove plaintiff's gallbladder, relieve the obstruction, and repair his hernia. The hernia had developed beneath plaintiff's abdominal skin graft in the area of a prior wound separation. Plaintiff was discharged in early March 1981. However, he had to have another surgical procedure, performed later, due to a recurrence of his abdominal hernia.

Plaintiff filed a complaint against defendant on April 9, 1981, in Lake County, Illinois. The complaint was amended on June 7, 1982, to add Lake Forest Hospital and several other physicians, including Dr. Lewis T. Segal. Dr. Segal was a resident of Cook County at the time the suit was filed. On December 8, plaintiff voluntarily dismissed this case but refiled it against the same defendants on December 28, 1982,

in Cook County. Defendant then moved for a change of venue back to Lake County. This motion was subsequently denied.

Thereafter plaintiff voluntarily dismissed all of the defendants, with the exception of defendant in the instant case. Dr. Segal had been dismissed by summary judgment prior to this voluntary dismissal.

Defendant again moved to transfer venue after the other defendants had been dismissed. On July 22, 1986, defendant's motion for change of venue was granted. However, after plaintiff moved to reconsider venue, the prior order transferring venue was vacated. The case was then set for trial in Cook County in July 1988.

On July 27, 1988, the jury returned a general verdict in plaintiff's favor in the amount of $20,000. Medical expenses incurred as a result of these surgeries and ensuing complications were in excess of $54,000. Plaintiff moved for a new trial on the issue of damages or, in the alternative, on the issues of damages and liability. Plaintiff argued that the jury's award of $20,000 was manifestly inadequate.

Defendant then made a contingent request for a transfer of venue in the event a new trial was granted. The trial court granted plaintiff's motion for a new trial based on the issues of damages and liability, finding that the two issues intertwined. The court also noted that it appeared the award represented a compromised verdict. Defendant's motion for a venue transfer to Lake County was also granted. Defendant appeals the trial court's decision granting plaintiff's motion for a new trial. Plaintiff appeals the portion of the trial court's order transferring the case to Lake County for retrial.

■ The first issue defendant presents for review is whether the trial court erred in granting plaintiff's motion for a new trial. The motion to grant a new trial is within the sound discretion of the trial court and should not be disturbed unless a clear abuse of discretion appears in the record. (*Greco v. Coleman* (1985), 138 Ill. App. 3d 317, 322.) An abuse of discretion may be found where there is no basis in the record to support a new trial. *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 647-48.

■ The trial court, in the instant case, granted a new trial on both the damage and liability issues, noting that the jury verdict was compromised. If a damage verdict is the result of a compromise on the issue of liability, the case must be retried on both damage and liability issues. (*Kelty v. Wiseman Construction Co.* (1976), 38 Ill. App. 3d 808, 813.) Where the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice, the new trial may be ordered solely on the issue of damages.

*Blevins v. Inland Steel Co.* (1989), 180 Ill. App. 3d 286, 290-91.

▪ In the instant case, the jury returned a general verdict finding defendant liable. We do not find the verdict with respect to this issue to be against the manifest weight of the evidence. Moreover, defendant conceded that the trial was fair. Under the circumstances of this case, we cannot presume that the verdict on the issue of liability was the result of a compromise. We, therefore, reverse the trial court's decision ordering a new trial with respect to the liability issue. As the sufficiency of the evidence of damages is entirely separable and distinct from the issue of liability, we will now determine whether there was sufficient evidence to sustain the damages award of $20,000.

▪ The question of damages is one of fact for the jury and its findings will not be disturbed unless (1) the award is palpably inadequate or against the manifest weight of the evidence; or (2) the amount is shown to be erroneous or the result of passion or prejudice; or (3) the verdict bears no reasonable relationship to the loss suffered by plaintiff. *Greco v. Coleman* (1985), 138 Ill. App. 3d 317, 322.

In the instant case, the court found that the verdict was palpably inadequate in light of the evidence presented. Defendant contends that the jury's award is supported by the record. Defendant argues that plaintiff presented several deviations from the standard of care. He reasons that if the jury had only found one of the claimed deviations valid a verdict of $20,000 would be rational. Moreover, defendant argues, where the jury returns a general verdict and multiple theories have been presented by plaintiff, the verdict must be upheld if plaintiff fails to request special interrogatories and there is sufficient evidence to support one of the theories. Defendant cites to *Scarsdale Villas Associates, Ltd. v. Korman Associates Insurance Agency, Inc.* (1988), 178 Ill. App. 3d 261, 266, to support this proposition.

▪ *Scarsdale*, however, may be distinguished from the instant case, as the appellate court found that the award in *Scarsdale* was sufficient to cover the actual damages submitted at trial. Plaintiff also notes that the trial court judge in *Scarsdale*, who found the award sufficient, was also the trial court judge in the instant case. In the instant case, medical expenses submitted at trial were in excess of $54,000. These expenses were not disputed by defendant. "If there is no question that the claimed out-of-pocket medical expenses are legitimate and reasonable, a verdict for less than that amount may be set aside by the trial court." *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 649.

▪ ▪ Plaintiff also claimed that he sustained a $15,000 loss in

wages which would make his total out-of-pocket expenses almost $70,000. There was also evidence of pain and suffering presented at trial. We do not find that the trial court erred in finding that the award of $20,000 was palpably inadequate in light of the damages submitted at trial and the injuries sustained by plaintiff.

Furthermore, "[t]he return of a general verdict creates a presumption that all issues of fact upon which proof was offered were found in favor of the prevailing party." (*Klingler Farms, Inc. v. Effingham Equity, Inc.* (1988), 171 Ill. App. 3d 567, 572.) We cannot, therefore, give any weight to defendant's speculation that the award was based upon one or less than all of the claimed deviations. Defendant has not rebutted the presumption that the jury found him liable for all of the claimed deviations.

Moreover, in *Scarsdale* four distinct theories of liability were presented. In the instant case, negligence was the sole theory of liability upon which plaintiff sought recovery. Defendant contends that plaintiff attempted to prove liability on several grounds as though each of the claimed deviations from the standard of care should be considered a separate and distinct theory. We disagree. We, instead, follow the trial court's reasoning that the alleged deviations should not be characterized as isolated situations or disparate acts of negligence. Rather, they should be considered as facets in the overall care and treatment of plaintiff.

Under the circumstances of this case, where the out-of-pocket expenses far exceeded the award and where all allegations of negligence are presumed to have been found in favor of plaintiff, we do not find the need for special interrogatories to determine which percentage of the award may be attributed to which theory of recovery. We, therefore, find that the trial court did not abuse its discretion in ordering a retrial on the issue of damages.

■ Next defendant contends that the trial court erred in denying his motion for a judgment notwithstanding the verdict. Defendant argues that plaintiff's expert, Dr. Allan B. Wilkinson, failed to testify to the opinions that he gave based on a reasonable degree of medical certainty. Expert testimony on deviation from the standard of care and causation issues must be given to a reasonable degree of medical certainty. *Beasley v. Abusief* (1986), 146 Ill. App. 3d 54, 55.

■ Although we need not address this issue, as we previously found that the jury's verdict with respect to the liability issue was not against the manifest weight of the evidence, we find defendant's argument without merit. Dr. Wilkinson's testimony was presented to the court in the form of a video-taped evidence deposition. Dr. Wilkin-

son resides in California. A review of the deposition transcript reveals that Dr. Wilkinson's opinions were preceded by questions from plaintiff's counsel which incorporated the required language. Counsel prefaced these questions with whether Dr. Wilkinson's opinion was based on a "reasonable degree of medical and surgical certainty." Dr. Wilkinson replied in the affirmative to the prefatory questions concerning preoperative and operative negligence. Defendant's argument fails with respect to this issue.

■■ The final issue is presented by plaintiff. Plaintiff contends that the trial court erred in transferring this case to Lake County for retrial. We agree.

When this action was filed in Cook County on December 28, 1982, Dr. Segal was the only defendant residing in Cook County. Venue was predicated upon Dr. Segal's residence in Cook County. On February 25, 1983, defendant moved for a change of venue based on the fact that the only connection this case had with Cook County was Dr. Segal's residency. This motion was later withdrawn.

On June 14, 1985, Dr. Segal was dismissed from this suit by summary judgment. On February 21, 1986, defendant again renewed his request that this matter be transferred to Lake County based on the doctrine of intrastate *forum non conveniens* and the statutory sections in the Code of Civil Procedure (hereinafter Code) pertaining to change of venue (Ill. Rev. Stat. 1985, ch. 110, par. 2—101 *et seq.*). Defendant argued that Dr. Segal's summary dismissal was indicative of the fact that he had been joined in bad faith, rendering venue in Cook County improper. This motion was subsequently denied as there was no showing of bad faith.

Defendant later filed petitions for leave to appeal to this court and the Illinois Supreme Court. All of defendant's petitions were denied. The trial court, however, ultimately granted defendant's motion to transfer venue to Lake County on the basis that there were no longer substantial connections with Cook County, as plaintiff had moved to Virginia and defendant resides in Lake County.

In *Torres v. Walsh* (1983), 98 Ill. 2d 338, the Illinois Supreme Court held that the doctrine of *forum non conveniens* may be applied on an intrastate basis in actions filed after September 16, 1983, the date the *Torres* decision was filed. Plaintiff argues that because this suit was filed prior to the date the *Torres* holding was to take effect, this prospective rule prohibits consideration of the transfer of this case to Lake County. Defendant urges this court to distinguish *Torres*. That rule, he reasons, was applied prospectively in that case so as not to impose undue hardship or surprise upon those who had relied upon

the prior law. Defendant argues that since plaintiff in the instant case was on notice that a transfer of venue based on the doctrine of *forum non conveniens* was a possibility, the reason for application of the prospective rule in *Torres* would not apply.

Defendant relies upon *Haring v. Chicago & North Western Transportation Co.* (1984), 103 Ill. 2d 530, to support this proposition. In *Haring*, the Illinois Supreme Court allowed the consideration of an alternate forum in a case which was filed before the rule in *Torres* was to take effect. The court stated:

"This case is not controlled by *Torres*. There is another forum in Iowa that has jurisdiction to hear this case. Therefore, the typical pre-*Torres* doctrine of *forum non conveniens* is applicable. *Torres* was given prospective application since that was the first holding of this court allowing intrastate application of the doctrine of *forum non conveniens*. [Citation.] The reason for the prospective holding of *Torres* does not exist in this case." *Haring*, 103 Ill. 2d at 534.

We, however, are not persuaded that *Haring* should be interpreted so as to support defendant's proposition.

In *Sunich v. Chicago & North Western Transportation Co.* (1985), 106 Ill. 2d 538, the sole issue presented for review was whether *Torres* must be given prospective application. The Illinois Supreme Court, in *Sunich*, adhered to its previous holding in *Torres* that the intrastate application of the doctrine of *forum non conveniens* is available prospectively after September 16, 1983. We note that the defendant in *Sunich* was also the same defendant in *Haring*.

The *Sunich* court declined to reinterpret *Torres* as a mere restatement of the existing rule of law, as stated in *Nabisco, Inc. v. Korzen* (1977), 68 Ill. 2d 451, 463, that the retroactive effect of a decision must be limited in those instances where a change in law would produce undue hardship to those relying upon the prior law. (*Sunich*, 106 Ill. 2d at 542-43.) *Sunich*, which was decided after *Haring*, is inapposite to defendant's proposition. Further, the defendant in *Sunich*, which moved to have venue transferred, was one of the group of *amici* in *Torres*. The *Sunich* defendant was, arguably, aware that a transfer of venue based on the doctrine of *forum non conveniens* was a possibility in its case. Defendant's argument that *Torres* would not apply since plaintiff was on notice of a possible change of venue is simply without merit.

Defendant also argues that once a new trial is granted, a court may decide that the case may be retried *de novo* in another forum. However, as plaintiff argues, an action must be tried in the county in

which it is commenced unless it was filed in the wrong venue. (*Precision Components, Inc. v. Estate of Kuntz* (1983), 112 Ill. App. 3d 309, 310.) When the instant case was filed, venue was found to be proper in Cook County. We also find that the case may be properly retried in Cook County.

Moreover, we are not persuaded that this case must be transferred on statutory grounds. Section 2—101 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—101) provides that an action must be commenced in any county or residence of any defendant who is joined in good faith. Defendant argues that Dr. Segal was not joined in good faith because he was dismissed on a summary judgment motion without objection from plaintiff. Defendant contends that Dr. Segal was a "sham" defendant as no expert identified any negligence on Dr. Segal's part.

Our review of the record, however, reveals that, according to affidavits filed by counsel for plaintiff, plaintiff's counsel had expressed opposition to Dr. Segal's summary judgment motion. Plaintiff had attempted to get a continuance in order to locate an expert to testify against Dr. Segal. The court denied plaintiff's request for a continuance and granted Dr. Segal's summary judgment motion. Further, the trial court at no time made a finding of bad faith in joining Dr. Segal. We find no grounds to do so here.

For the foregoing reasons, the judgment of the circuit court is affirmed with respect to the grant of a new trial on the issue of damages. The trial court's decision with respect to the grant of a new trial on the issue of liability is reversed. We also reverse the trial court's decision to transfer this case from Cook County to Lake County.

Affirmed in part; reversed in part and remanded.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

I respectfully dissent from that portion of the opinion that grants the plaintiff a new trial on the issue of damages only. I believe it was error for this court to conclude that the trial court abused its discretion in granting a new trial on the issues of liability and damages. The issue of a new trial on damages only was not an issue raised in this court by the parties. Furthermore, even in considering this issue, I believe the court was in error. The manner in which the issue of a new trial on damages only arises is interesting and will be related.

The plaintiff filed a post-trial motion requesting alternative forms of relief. The plaintiff asked for a new trial on the issue of damages or in the alternative for a new trial on both liability and damages. The motion specifically stated that the new trial should be limited to damages only "unless this Court finds evidence of a compromise verdict." In that event the plaintiff asked for a new trial on both liability and damages. The court made just that finding, that this was a compromise verdict. It accordingly granted a new trial on both liability and damages.

The defendant sought leave to appeal under Supreme Court Rule 306, and leave was granted. The plaintiff had the right to raise the denial of its request for a new trial on damages only. Apparently recognizing that the trial court was within its discretion in finding that this was a compromise verdict, it made no argument in its briefs concerning a new trial on damages only. It did not request that this court grant a new trial on damages only. The plaintiff's specific request was that the order of the trial court be affirmed because the trial court did not abuse its discretion in granting a new trial.

The issue for a new trial on damages only arose during oral argument by way of a question by one of the judges in the majority. That judge asked if the plaintiff was seeking a new trial on both liability as well as damages. Counsel responded that the trial judge denied the request for a new trial on damages only because liability was intertwined with the damages issue. Counsel commented that this was a compromise and that the cases clearly hold that the trial court can grant a new trial where there is a compromise.

Later on in oral argument, the other member of the majority asked whether counsel was asking for a new trial on damages and liability or on damages only. Counsel candidly responded that a new trial could be ordered on damages only, but that the issue before this court was the propriety of the trial judge's order which ordered a new trial on both liability and damages. Counsel stated it would be "disingenuous at this point for me to say to you we'd like a new trial on damages only when Judge Dore's order is really what's on appeal here *** that order said new trial on all issues." Both counsel on appeal were especially good lawyers. I believe it is inappropriate for this court to grant relief that was neither argued not requested. It is particularly unfair to the defendant, who had no chance to respond to this court's argument that a new trial should be granted on damages only.

I further believe that the majority erroneously applied the law in this case. In *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28,

840

45, 139 N.E.2d 275, the Illinois Supreme Court addressed the issue of the propriety of a new trial on the issue of damages only. The court there stated that a trial court is not justified in ordering a new trial on the issue of damages alone where it appears that the damages awarded by the jury were the result of a compromise on the question of liability. Compromise is described as being a situation where jurors bargained inadequate damages for unjustified liability. Without belaboring the evidence as recited in the majority opinion, I believe that the trial court's conclusion that the jury rendered a compromise verdict is amply supported and therefore the discretion vested in the trial court must be acceded to since there was no clear abuse of that discretion. *Ramseyer v. Illinois Central R.R. Co.* (1969), 110 Ill. App. 2d 95, 249 N.E.2d 120.