PATRICIA NEWMANN, Plaintiff-Appellee, v. SHOWBIZ PIZZA PLACE, INC., Defendant-Appellant.

First District (3rd Division)   No. 1—92—1393

Opinion filed March 30, 1994.

Bresnahan & Garvey, of Chicago (Kenneth T. Garvey and Erin M. Haggerty, of counsel), for appellant.

Cooke, Lewis, Reichstein & Lapat, of Chicago (Michael Lapat, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiff, Patricia Newmann, filed this negligence action in the circuit court of Cook County against defendant, Showbiz Pizza Place, Inc., for injuries she sustained on November 23, 1985, after falling on defendant's premises in Arlington Heights, Illinois. After a jury trial, a verdict was returned for defendant and judgment was entered on it. Plaintiff filed a post-trial motion requesting a new trial which the trial court granted. Defendant then petitioned this court, pursuant to Supreme Court Rule 306(a)(1)(i) (134 Ill. 2d R. 306(a)(1)(i)), for leave to appeal from the trial court's order granting plaintiff a new trial. We granted defendant's petition and the instant appeal ensued.
For the reasons which follow, we affirm and remand.

## FACTUAL BACKGROUND

On November 23, 1985, plaintiff had spent approximately two hours at defendant's restaurant with her husband and three children. Plaintiff, a handicapped person wearing an artificial leg, testified that she and her family left the main entrance of the restaurant and walked south along the sidewalk on the east side of the building to their car. Plaintiff then put her three children in the car's rear seat. Once the children were in, plaintiff had to step back and to the right in order to shut the door; while doing this, she stepped back onto a curb ramp slope and fell. Plaintiff recounted that she was standing in the ramp area and not on any portion of the parking lot at this time. Plaintiff's husband and children, who were in the car, did not witness the fall.

Plaintiff premised defendant's liability upon the ramp flare's being in an unreasonably dangerous condition occurring as a result of the failure of the ramp flare to comply with the Illinois accessibility standards. Defendant responded that the ramp met all the accessibility requirements, but even if it did not, it was irrelevant because plaintiff did not fall on the flare area of the ramp.

The cause proceeded to trial in November 1991. The jury returned a verdict for defendant and judgment was entered accordingly.

Plaintiff filed a post-trial motion requesting a new trial. On April 6, 1992, the trial court granted plaintiff's motion, finding that the verdict of the jury was contrary to the manifest weight of the evidence given the evidence presented at trial. In so finding, the trial court ruled that the testimony of Martin Munsen, the director of building and zoning for the Village of Arlington Heights (hereinafter the Village) testifying on behalf of defendant, did not help the defense's case. Munsen stated that the Village would do a final inspection of business premises prior to issuing an occupancy and that, to the best of his knowledge, such a certificate was issued here. Munsen further stated that the Village's inspection records did not refer specifically to the ramp.

The trial court also found that the testimony of Richard Ver Halen, an independent consulting engineer testifying on behalf of defendant, was weak and could not have been persuasive to an objective jury. The trial court noted that Ver Halen's bases for his opinion that the ramp was safe included personal examination, data, and review of professional guidelines, guidelines of the engineering profession and documents provided by the Village. The trial court found Ver Halen's references to the Village's progress and inspection sheets, which stated nothing about the ramp, unpersuasive. It was also indicated by the trial court that Ver Halen's opinion that the ramp was "suitable" for pedestrian traffic was not persuasive. More-

over, the trial court explained that frequent visits to the construction site by Village inspectors and the Village's requirement that the premises be in "conformity with all Codes" were not persuasive as to any issue in the case. In addition, the trial court held that Ver Halen's opinion that the ramp did not violate standards could not possibly have been persuasive to an objective jury in light of his failure to measure where plaintiff claimed to have fallen. Ver Halen's reason for not measuring the ramp was he did not "know where she fell." Furthermore, Ver Halen could not recall where he measured the curb height, which ranged from $4^3/4$ inches to 6 inches. Thus, after cross-examination, the trial court believed Ver Halen's opinion had little basis.

Finally, the trial court held that plaintiff and her witnesses clearly sustained the burden of proof as to the flare of the ramp and liability.

## ISSUE PRESENTED FOR REVIEW

Did the trial court abuse its discretion in granting plaintiff a new trial?

## OPINION

Defendant contends that the trial court abused its discretion in granting plaintiff a new trial. Specifically, defendant argues that the trial court: (1) substituted its opinion for the judgment made by the jury; (2) improperly reevaluated witnesses' testimony and made determinations on their persuasiveness, value to the case and credibility; and (3) the jury's verdict was supported by the evidence.

■ It is within a trial court's sound discretion whether to grant a motion for a new trial, and absent a clear abuse of that discretion, its decision will remain undisturbed. (*McKenzie v. Romeiser* (1990), 205 Ill. App. 3d 830, 833, 563 N.E.2d 837.) A new trial will not be granted simply because the evidence is conflicting. The relevant inquiry for such a motion is whether the verdict rendered is against the manifest weight of the evidence. (*Villa v. Crown Cork & Seal Co.* (1990), 202 Ill. App. 3d 1082, 1089, 560 N.E.2d 969.) A verdict against the manifest weight of the evidence is one where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence. *Monier v. Winkler* (1987), 158 Ill. App. 3d 724, 729, 511 N.E.2d 426.

■ The substance of defendant's argument, as has already been stated, is that the trial judge, in granting plaintiff's motion, supplanted the jury's role as the finder of fact. We do not think this is so. Our review of the evidence presented at trial and the record on

464

appeal clearly demonstrates that defendant's expert witnesses' testimony was based on little, if any, hard data. As was noted above, Ver Halen did not even know where it was that plaintiff fell. Munsen based his testimony on Village records that did not specifically refer to the ramp at issue in this case. We fail to perceive how these witnesses' testimony could have added anything to the deliberations of an objective jury. Once this testimony is removed and one is left with the substantial body of evidence presented by plaintiff at trial, we cannot see how the trial court had any option but to grant plaintiff's motion. Accordingly, we find there was no clear abuse of the trial court's discretion as the jury's verdict was against the manifest weight of the evidence.

## DISPOSITION

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed and this cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed and remanded.

RIZZI and GREIMAN, JJ., concur.