WILLIAM BERGMAN *et al.*, Plaintiffs-Appellants, v. WATER RECLAMATION DISTRICT OF GREATER CHICAGO, f/k/a Metropolitan Sanitary District of Greater Chicago, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—3574

Opinion filed August 17, 1995.

George C. Pontikes, of Chicago, for appellants.

Vedder, Price, Kaufman & Kammholz, of Chicago (Thomas G. Abram and Diane M. Kehl, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs filed the instant action against the Water Reclamation District of Greater Chicago (District) and its commissioners, general superintendent, director of personnel, civil service board, and the members of its civil service board (collectively referred to as the defendants) seeking damages and injunctive relief as a consequence of the District's refusal to promote William Bergman, one of its employees, and its refusal to hire Jo Bergman. In their complaint, the plaintiffs allege that the actions of the defendants violated the Metropolitan Water Reclamation District Act (the Act) (70 ILCS 2605/1 *et seq.* (West 1992)) and a consent decree entered by the circuit court of Cook County on June 8, 1988, in the case entitled People of the State of Illinois *ex rel.* Neil Hartigan, Attorney General of Illinois v. Metropolitan Sanitary District of Greater Chicago, No. 85 CH 3917.

The defendants moved to dismiss the plaintiffs' complaint, arguing that (1) they failed to exhaust their administrative remedies, (2) they lacked standing, and (3) their complaint failed to allege sufficient facts to state a cause of action. After a hearing on the defendants' motion, the trial court dismissed the plaintiffs' complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), finding that they failed to exhaust their administrative remedies and also questioning their standing to seek enforcement of the consent decree. The plaintiffs have appealed, and for the reasons which follow, we affirm.

The plaintiffs concede in their brief before this court that if their action were predicated upon a violation of the Act or the personnel policies of the District promulgated under the authority granted to it under the Act, they would be required to exhaust their administrative remedies and could only seek judicial review under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)). However, although their complaint might be read to the contrary, the plaintiffs have taken the position both before the trial court and before this court that they seek no relief under the Act or any personnel rule of the District. The plaintiffs state that they seek relief exclusively as third-party beneficiaries of the consent decree. Because of the plaintiffs' position in this regard, we address their standing to bring the instant action.

In April 1985, the Attorney General of Illinois on behalf of the People of the State filed an action in the circuit court of Cook County against the District and others which resulted in the entry of the consent decree. By its terms, the consent decree requires the District to comply with the provisions of the Act regulating the hiring and

promotion of District employees. The plaintiffs allege that the defendants violated the consent decree by hiring and promoting employees based upon political favoritism, nepotism, political affiliation, or friendship. They further allege that because of these practices, William Bergman has been denied promotion and Jo Bergman has been denied employment. Their complaint sought, *inter alia*, an order upon the defendants to cease violating the consent decree in the hiring and promotion of District employees, judgment in the sum of $1.4 million in favor of William Bergman, and judgment in the sum of $1.3 million in favor of Jo Bergman.

Our research has failed to uncover any case decided by a reviewing court in Illinois which directly addressed the question of whether a consent decree entered in an action brought by the State is enforceable either directly or collaterally by anyone who was not a party to the action in which the decree was entered. While this precise issue may be one of first impression in Illinois, it has been the subject of a number of Federal court decisions. Recently, the district court in *Hodges v. Public Building Comm'n* (N.D. Ill. 1994), 864 F. Supp. 1493, 1508-09, had occasion to review the Federal position on the issue and stated it as follows:

"In *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749, 95 S. Ct. 1917, 1931, 44 L. Ed. 2d 539 (1975), the Supreme Court held that 'a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'

Despite its seemingly sweeping proscription, *Blue Chip Stamps* has been interpreted narrowly so that certain third party beneficiaries still may sue to enforce a consent decree. Proceeding under the theory that the Supreme Court had not meant to eviscerate Rule 71, courts have created an exception for would-be plaintiffs who are the intended, versus incidental, third party beneficiaries of the decree. *See Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 288 (D.C. Cir. 1993); *Hook v. State of Arizona, Dep't of Corrections*, 972 F.2d 1012, 1015 (9th Cir. 1992).

This exception, however, does not apply to consent decrees resulting from actions brought by the government. As stated in *Beckett*, '[o]nly the Government can seek enforcement of its consent decrees; therefore, even if the Government intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided.' 995 F.2d at 288 (cites omitted); *see also National Union Electric Corp. v. Emerson Electric Co.*, No. 81 C 1912, 1981 WL 2132 (N.D. Ill. July 23, 1981) (third party lacked standing to enforce consent decree between defendants and United States). This interpretation derives from a

general contract principle that third party beneficiaries of a government contract generally are assumed to be merely incidental beneficiaries, and may not enforce the contract absent clear intent to the contrary."

While Federal decisions are not binding upon us, we find their reasoning on this issue persuasive and adopt it.

The plaintiffs were not parties to the consent decree and it makes no provision for enforcement by them or any other nonparty. Consequently, we hold that the plaintiffs lacked standing to bring an action to enforce the provisions of the consent decree or to seek damages predicated upon its violation. Also, because we can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on those grounds (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384), we affirm the dismissal of the plaintiffs' complaint.

Affirmed.

CAHILL and S. O'BRIEN, JJ., concur.