DIANA SUTTLE, a Minor, By and Through Peter Suttle and Cynthia Thompson, Her Parents, Plaintiff-Appellee, v. LAKE FOREST HOSPITAL, Defendant-Appellant.

First District (5th Division)   No. 1—94—1718

Opinion filed December 29, 1995.

Cassiday, Schade & Gloor, of Chicago (John D. Cassiday and Morgan A. Milne, of counsel), for appellant.

Terrence K. Hegarty & Associates, Ltd., of Chicago (Terrence K. Hegarty and Timothy W. Heath, of counsel), for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Diana Suttle, a minor, by and through her parents Peter Suttle and Cynthia Thompson, filed a complaint against several defendants and the appellant, Lake Forest Hospital, alleging negligence in plaintiff's medical care which caused injuries shortly after her birth. Venue in Cook County was based on the following defendants (the venue defendants) with residence in Cook County—Corometrics Medical Systems, Inc. (Corometrics), Parke-Davis & Co., and Lake County Women's Health Care and Infertility Institute (the Institute). Appellant moved to transfer venue to Lake County pursuant to section 2—104 of the Code of Civil Procedure (735 ILCS 5/2—104 (West 1992)), claiming that the venue defendants had been joined in bad faith solely to obtain venue. The motion was denied, after which the Institute settled with plaintiff while both Corometrics and Parke-Davis were granted summary judgment in unopposed motions. Appellant renewed its motion to transfer venue, but the court denied the motion as untimely and as not warranted because Corometrics and Parke-Davis had been joined in good faith. Appellant brings this interlocutory appeal to reverse the denial of its motion to transfer venue.

We affirm.

## BACKGROUND

On January 3, 1989, before filing the complaint at issue, plaintiff filed a complaint against appellant, Dr. Anthony Greis, and Dr. Brian Greis. The complaint alleged negligent acts by the doctors in

plaintiff's medical care, and it alleged that appellant should have enforced rules that would have required the doctors to avoid their negligent acts. All of these defendants were residents of Lake County. On February 8, 1989, appellant filed a motion pursuant to section 2—104 to transfer venue to Lake County, and the doctors filed the same motion on February 13, 1989. The motions were continued at plaintiff's request until June 15, 1989, when plaintiff filed a first amended complaint adding Dr. Andrew Rosinson as a defendant. Dr. Rosinson was a Cook County resident, and the court continued the motions to transfer until discovery was completed as to Dr. Rosinson's participation in plaintiff's medical care. On October 20, 1989, Dr. Rosinson filed an affidavit of noninvolvement in plaintiff's medical care, and his motion to dismiss was later granted.

In January of 1990, plaintiff filed a second amended complaint which added the Institute, Corometrics, and Parke-Davis as defendants. The venue defendants were all residents of Cook County. Plaintiff alleged that the Institute had performed negligent acts through its agents Dr. Anthony Greis and Dr. Brian Greis, that Corometrics had not issued a necessary warning with its fetal monitor, and that Parke-Davis had not issued a necessary warning with its medicine Pitocin. On April 27, 1990, the trial court held that the complaint had failed to properly allege venue for any of the defendants, and thus the court granted the appellant's motion to transfer venue to Lake County. On July 5, 1990, plaintiff dismissed her case in Lake County.

On July 6, 1990, plaintiff refiled her complaint in Cook County. On August 8, 1990, appellant filed a timely motion to transfer venue to Lake County under section 2—104, alleging that the venue defendants had not been joined in good faith. On August 30, 1990, the new trial court denied the motion.

On October 27, 1993, Parke-Davis filed a motion for summary judgment contending that Pitocin, its brand name for the medicine oxytocin, was not the oxytocin used in plaintiff's care. On February 1, 1994, Corometrics filed a motion for summary judgment contending that the doctors treating the plaintiff already knew the information that was the basis of plaintiff's allegation of inadequate warning, and thus the inadequate warning could not have been the proximate cause of the plaintiff's injuries. On February 14, 1994, both Corometrics' and Parke-Davis' motions for summary judgment were granted after being unopposed by plaintiff. On February 24, 1994, the Institute and its doctors were dismissed pursuant to a settlement agreement in which they agreed to pay $300,000, the total amount of their insurance coverage. The Institute itself contributed $100,000 toward the settlement.

On February 25, 1994, appellant renewed its motion to transfer venue to Lake County pursuant to section 2—104. After a hearing, the court denied the motion on April 25, 1994. The court cited two reasons to deny the motion: (1) the motion was untimely under section 2—104(b) because the statute barred a motion to transfer venue when the plaintiff had not put forward the motion dismissing defendants Corometrics and Parke-Davis; and (2) venue defendants Corometrics and Parke-Davis had been joined in good faith originally. Appellant appealed the denial of its motion pursuant to Supreme Court Rule 306. 155 Ill. 2d R. 306.

On September 6, 1994, this court denied appellant's petition for interlocutory appeal. On December 6, 1994, the Illinois Supreme Court allowed the appellant's petition and entered a supervisory order directing this court to consider this appeal on the merits. On January 11, 1995, this court entered an order, pursuant to the supreme court's mandate, allowing the defendant's Rule 306 petition for leave to appeal.

OPINION

I

■ The first basis of the trial court's decision was its reliance on section 2—104(b). The fundamental purpose of statutory construction is to ascertain and give effect to the legislature's intent. (*First of America Bank v. Netsch* (1995), 166 Ill. 2d 165, 181, 651 N.E.2d 1105.) Ordinarily, the statutory language provides the best evidence of the legislature's intent. (*First of America Bank*, 166 Ill. 2d at 181.) The circuit court's construction is not entitled to deference and must be reviewed *de novo*. *In re Petition of K.M.* (1995), 274 Ill. App. 3d 189, 193, 653 N.E.2d 888.

The trial court held that section 2—104(b) barred the renewal of the appellant's timely motion to transfer venue. We disagree. Section 2—104(b) states:

"(b) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear ***, *except* that if a defendant upon whose residence venue depends is dismissed upon motion of plaintiff, a remaining defendant may promptly move for transfer as though the dismissed defendant had not been a party." (Emphasis added.) (735 ILCS 5/2—104(b) (West 1992).)

The language of the statute after "except," although relied on by the trial court, applies only if the motion was not timely filed originally. Not only does the statute not bar the renewal of a timely motion, but

its language specifically portends multiple motions— "*All* objections of improper venue are waived *** unless a motion to transfer *** is made *** on or before *** he or she is required to appear ***." (Emphasis added.) (735 ILCS 5/2—104(b) (West 1992).) Under this language, because the appellant made a timely motion before its appearance, it had not waived any further objections of improper venue. The trial court's interpretation of this clause—that all objections are barred after a defendant appears, including the renewal of a timely objection—is not supported by the language of the statute.

In addition, the court's interpretation is directly contradicted by the language of the statute in section 2—105, which states:

"In any action involving defendants residing in different counties in which venue is based on residence and an appropriate and timely motion to transfer is made by a defendant not residing in the county, the overruling of the motion is not ground for reversal if he or she proceeds to trial on the merits, *unless he or she renews the motion at the close of all the evidence ***.*" (Emphasis added.) (735 ILCS 5/2—105 (West 1992).)

Under the trial court's interpretation of section 2—104, the renewal of the motion *required* under section 2—105 would be barred as untimely under section 2—104. A statute should be evaluated as a whole; each provision should be construed in connection with every other section. (*Bonaguro v. County Officers Electoral Board* (1994), 158 Ill. 2d 391, 397, 634 N.E.2d 712.) Because section 2—105 specifically requires a timely motion to transfer venue to be renewed, we conclude the trial court erred in finding that section 2—104 barred any renewal.

Moreover, this court has previously allowed the renewal of a timely motion to transfer venue in *McKenzie v. Romeiser* (1990), 205 Ill. App. 3d 830, 563 N.E.2d 837. In *McKenzie*, as in this matter, a timely motion to transfer was renewed after the venue defendant was granted summary judgment in an unopposed motion. (*McKenzie*, 205 Ill. App. 3d at 832-33.) We addressed the merits of the joinder of the venue defendant and plaintiff's good faith in *McKenzie* (*McKenzie*, 205 Ill. App. 3d at 838), and thus we will do likewise in this case.

■ Plaintiff argues that appellant has waived its argument as to section 2—104(b) by failing to meet the briefing requirements of Supreme Court Rule 341(e)(7). (145 Ill. 2d R. 341(e)(7).) We find this claim baseless. Rule 341(e)(7) provides that the appellant's brief shall contain the contentions of the appellant and the reasons thereof, with citations of authorities. (145 Ill. 2d R. 341(e)(7).) In this case, the appellant quoted section 2—104(b), argued that the trial court's interpretation was incorrect, and cited *McKenzie* to support its contentions. Thus, appellant met the requirements of Rule 341(e)(7).

## II

■ The trial court's second reason for denying the motion to transfer was its finding that defendants Corometrics and Parke-Davis had been originally joined in good faith. Although the trial court did not address plaintiff's good faith in the joinder of the Institute, we believe the joinder of that defendant is dispositive in this matter. A reviewing court may sustain the decision of the trial court for any valid reason found in the record. (*Bergman v. Water Reclamation District* (1995), 274 Ill. App. 3d 686, 689, 654 N.E.2d 606; *McDunn v. Williams* (1993), 156 Ill. 2d 288, 335, 620 N.E.2d 385.) We also note that the good faith of the Institute's joinder was argued in the trial court and addressed by the briefs of both parties in this appeal.

We hold that the Institute was joined in good faith by the plaintiff, and thus venue was proper in Cook County. Section 2—101 of the statute governs this issue:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) ***." (735 ILCS 5/2—101 (West 1992).)

The Institute paid $100,000 to reach a settlement agreement with the plaintiff. Thus, not only did the plaintiff have probable cause under section 2—101 to join the Institute, the plaintiff was actually successful in obtaining money from the Institute. We conclude that the Institute was joined in good faith.

The appellant makes two arguments as to why the Institute did not provide proper venue. First, appellant claims that the suspicious timing of the Institute's joinder necessarily dictates a finding of bad faith in the joinder. However, even if providing venue was the plaintiff's primary reason for the joinder, section 2—101 states that joinder is proper unless *solely* for the purpose of obtaining venue. Because plaintiff also had probable cause that she could obtain a judgment, the joinder was not solely to obtain venue.

Second, appellant contends that the Institute does not provide venue because there were no "independent acts of negligence" alleged against the Institute. Nevertheless, section 2—101 states that "any *defendant*" may provide venue. (Emphasis added.) (735 ILCS 5/2—101 (West 1992).) The appellant has neither quoted statutory language nor cited any case law to support its arbitrary distinction between principals and agents, nor has appellant presented any public policy reasons to favor such a separation. Therefore, we find no merit to this contention.

Because of our finding that the Institute made venue proper in Cook County, we need not examine whether defendants Corometrics and Parke-Davis were joined in good faith and provided venue in Cook County.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

GORDON and McNULTY, JJ., concur.