SCARSDALE VILLAS ASSOCIATES, LTD., Plaintiff-Appellant, v. KORMAN ASSOCIATES INSURANCE AGENCY, INC., *et al.*, Defendants-Appellees.

First District (1st Division) No. 87—0180

Opinion filed December 27, 1988.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., of Chicago (Anthony C. Valiulis and Mary Jane Fait, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Don W. Fowler, Barbara A. Mc-Donald, and Hugh C. Griffin, of counsel), for appellee American Business Insurance Agency of Illinois, Inc.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Korman Associates Insurance Agency, Inc.

JUSTICE MANNING delivered the opinion of the court:

In the case at bar we consider whether sufficient damages were awarded to plaintiff. We conclude that the judgment of the trial court is proper, and hence, we affirm.

Plaintiff, Scarsdale Villas Associates, Ltd. (Scarsdale), appeals from a judgment in its favor against Korman Associates Insurance Agency, Inc. (Korman), and American Business Insurance Agency of

Illinois, Inc. (American), in the amount of $160,000 entered upon a jury verdict. Scarsdale contests only the damage portion of the award and asks that we vacate the judgment and award it damages in the amount of $655,993, or in the alternative, that we vacate the judgment and remand for a new trial on the issue of damages.

In 1977 plaintiff, an Illinois limited partnership, purchased the Scarsdale Villas Apartments in Houston, Texas, for $4 million. At the time of purchase, plaintiff assumed the insurance policies then in existence on the property, which did not contain flood coverage. In the summer of 1978 plaintiff retained the defendant, Melvin Korman, as its insurance broker for the property. Korman contacted the codefendant insurance agency, American, to assist him in making a quotation.

American prepared a proposal for the plaintiff which contained endorsements for full repair/replacement cost coverage and lost rent coverage, but did not include flood insurance. Plaintiff maintains that it specifically requested flood insurance, covering repair/replacement costs and lost rents. Defendants contend that they understood that the plaintiff wanted the same coverage that it had at a better price and that flood insurance was never mentioned or requested. In 1979 plaintiff purchased only the policies outlined in the proposal.

On July 26, 1979, Houston was hit by a major tropical storm. As a consequence of the storm, the first floor of the Scarsdale Villas Apartments was flooded for approximately 8 to 12 hours with between 12 and 18 inches of water. Plaintiff reported the flood loss to the insurance carrier, but the claim was denied based on the flood exclusion.

After the flood, plaintiff purchased flood insurance from the National Flood Insurance Program (NFIP). The NFIP policy is the standard and customary flood insurance policy in the industry and is written on an actual cash value basis (cost of repair less depreciation) with no coverage for lost rents. In September 1979, when the first-floor apartments were flooded a second time, plaintiff's claim to NFIP was honored. In December 1979, plaintiff sold the apartments for $4,425,000.

Plaintiff subsequently filed suit against the defendants for: (1) breach of contract; (2) breach of fiduciary duty; (3) intentional breach of fiduciary duty; and (4) intentional misrepresentation, alleging that they had breached a duty to the plaintiff to procure the type of insurance that was requested. The defendants raised the affirmative defense of contributory negligence on the part of the plaintiff for its failure to notice that the policies did not include flood coverage and for failure to mitigate damages. The trial court directed a verdict in

favor of the defendants on the intentional breach of fiduciary duty and intentional misrepresentation counts and submitted the remaining counts to the jury. The jury returned a verdict against both defendants in the amount of $240,000 and reduced the award by 33⅓% to $160,000 for plaintiff's contributory negligence. Plaintiff's post-trial motion seeking either an additur or a new trial on the issue of damages was denied.

The only issue raised on appeal is whether sufficient damages were awarded to the plaintiff. An insurance broker has a duty to exercise reasonable skill and diligence in the transaction of business entrusted to him, and a broker who fails to procure insurance when obligated to do so, or who causes damage to his principal, whether by omission or commission, is liable for any loss the principal may sustain by virtue of his failure to procure insurance. (*Omni Overseas Freighting Co. v. Cardell Insurance Agency* (1979), 78 Ill. App. 3d 639, 642-43, 397 N.E.2d 112.) To establish a contract to procure insurance, it is sufficient if one of the parties proposes to be insured and the other party agrees to insure, and the subject, the period, the amount and the rate of insurance are ascertained or understood and the premium paid if demanded. (*Wheaton National Bank v. Dudek* (1978), 59 Ill. App. 3d 970, 972, 376 N.E.2d 633.) The essential elements can be established by implication if they are not stated explicitly. (*Devers v. Prudential Property & Casualty Insurance Co.* (1980), 86 Ill. App. 3d 542, 544, 408 N.E.2d 462.) Such preliminary contract may be proven by written or parol evidence and may be implied from past dealings, correspondence or conversations between the parties or from customs prevalent in the locale. (*Pickett v. First American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 252, 412 N.E.2d 1113.) Generally, the proper measure of damages for the breach of a contract to procure insurance is determined by the terms of the policy which the broker failed to procure. (*Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 208 N.E.2d 12.) In a preliminary contract it will be presumed that the parties contemplated such form of policy containing such conditions and limitations as are usual in such cases or have been used before between the parties. *Pickett v. First American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 254, 412 N.E.2d 1113.

Plaintiff contends that the trial judge erred in failing to accept its tendered jury instruction relating to damages. It claims that since the parties never agreed upon a specific type of flood insurance policy, it is impossible to determine what the measure of damages would have been and the jury should have been instructed to measure damages by

the fair market value of the property before and after the occurrence. The defendants maintain, on the other hand, that the court should have limited plaintiff's damages to those recoverable under the standard flood insurance policy, in this case, replacement cost less depreciation, excluding coverage for lost rent. We reject both arguments.

■ The terms of a specific insurance policy are not required to establish damages. (*Pickett v. First American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 252, 412 N.E.2d 1113.) We feel the record contains sufficient evidence to establish that plaintiff proposed to insure the Scarsdale Villas Apartments with a policy which included full repair or replacement cost coverage for flood damage as well as coverage for lost rental income. There is ample evidence in the record from which the jury could determine what amounts were required to repair or replace the property damaged in the July flood and what rental income was lost as a result of that flood. Had the trial court instructed the jury that the proper measure of damages was the difference between the fair market value of the property before and after the occurrence, the defendants would have been liable, as a matter of law, for loss that was not proximately caused by the defendants' failure to procure flood insurance. Furthermore, the jury would not have been in a position to award damages for lost rental.

The defendants maintain that the court should have instructed the jury that damages should be measured by the amount required to repair the damaged property less depreciation, with no coverage for lost rents. However, since this instruction would decide, as a matter of law, that the plaintiff had not contemplated lost rent coverage, it is clearly inappropriate.

We feel that the instruction that was given by the court was proper under the circumstances. The instruction provided that the proper measure of damages was "the amount that the plaintiff would have been entitled to for the damages to the Scarsdale Villas Apartments caused by the July 1979 flood under the insurance policy that the plaintiff reasonably contemplated that the defendants would obtain." Pursuant to this instruction, the jury was in a position to determine what type of policy was contemplated by the plaintiff and the amount of damages it would have been entitled to under such a policy.

■ Plaintiff also contends that the jury award is inadequate because it does not reflect all of the damages plaintiff established at trial. It claims that, since there is no dispute as to the amount of plaintiff's damages, we should enter judgment for the plaintiff in that amount. After examining the record, we cannot say that the damages claimed by plaintiff are indisputable and find that there is a basis in

the record to support the jury's verdict. As to plaintiff's argument that the judgment does not contain an award for lost rental, we find no support for that argument in the record. Since the jury returned a general verdict, there is no way to determine what percentage of the award is attributable to lost rental. Where the jury returns a general verdict and more than one theory is presented, the verdict will be upheld if there was sufficient evidence to sustain either theory and the parties, having failed to request special interrogatories, cannot be heard to complain. *Witherell v. Weimer* (1987), 118 Ill. 2d 321, 329, 515 N.E.2d 68.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

QUINLAN and O'CONNOR, JJ., concur.