BULK SERVICE CORPORATION, Plaintiff-Appellant, v. MICHAEL BUICK, Defendant-Appellee (St. Paul Fire and Marine Insurance Company *et al.*, Defendants).

Fifth District   No. 5—89—0420

Opinion filed August 16, 1990.

David Antognoli, of Bernard & Davidson, of Granite City, for appellant.

Ted W. Dennis, of Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of Belleville, and Stephen C. Voris and Gerard D. Ring, both of Burke, Wilson & McIlvaine, of Chicago, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

In January 1979, plaintiff, Bulk Service Corporation, a business involving marine operations, entered into an oral agreement with Allovio Corporation, an insurance consulting firm. Bulk Service allegedly sought advice from Allovio regarding excess liability insurance. Defendant Michael Buick, an agent of Allovio, allegedly obtained excess coverage for Bulk Service from St. Paul Fire and Marine Insurance Company.

In July 1979, one of Bulk Service's employees was injured in a marine operation. St. Paul denied excess coverage due to a policy exclusion for "personal injury or property damage arising out of any marine operations."

Following denial of its claim, Bulk Service brought this action for reformation of the policy or, in the alternative, damages from several insurance brokers and consultants for negligently failing to procure appropriate insurance.

In its amended complaint, Bulk Service alleged that Buick was negligent in the procurement of the excess liability policy in that, "although he knew or should have known that Bulk Service employees were customarily engaged in Marine Operations, he secured a policy which excluded coverage for injuries to employees of Bulk Service engaged in such operations." Bulk Service alleged that the denial of coverage by St. Paul caused it to suffer economic damages.

Buick moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), on the grounds that *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, bars recovery in tort for economic loss[1]

---

[1]While *Moorman* and its progeny use the term "economic loss," we believe that the term "commercial loss" is more accurate. See *Miller v. United States Steel Corp.* (7th Cir. 1990), 902 F.2d 573, 574.

occasioned by an insurance consultant's negligent failure to obtain proper coverage. The circuit court of Madison County granted Buick's motion and Bulk Service appeals. We affirm.

■ In *Moorman*, the supreme court of Illinois held that a products liability plaintiff could not recover solely economic losses under the tort theories of strict liability, negligence, and innocent misrepresentation. *Moorman* expressly set forth two exceptions, however. Economic losses are recoverable: (1) when one intentionally makes false representations; or (2) when one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89, 435 N.E.2d 443, 452.

■ At trial, Bulk Service argued that Buick was not protected by *Moorman* because Buick is a professional and *Moorman* does not extend to professionals. Substantial case law, however, firmly establishes that the *Moorman* doctrine does extend to professionals and to professional malpractice cases. See, *e.g., 2314 Lincoln Park West Condominium Association v. Mann, Gin, Ebel & Frazier, Ltd.* (1990), 136 Ill. 2d 302, 555 N.E.2d 346; *Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 503 N.E.2d 246; *Morrow v. L.A. Goldschmidt Associates, Inc.* (1986), 112 Ill. 2d 87, 492 N.E.2d 181; *Collins v. Reynard* (1990), 195 Ill. App. 3d 1067, 553 N.E.2d 69.

■ Bulk Service's complaint alleged that because of Buick's negligence, Bulk Service "was forced to make out of pocket payments for settlements of the claim against it, [and] became liable for certain monies paid out by its primary insurance carrier." Bulk Service concedes that it only seeks economic damages. Therefore, based on our understanding of *Moorman* and its progeny, we hold that Illinois law precludes the recovery of purely economic loses in a negligence action against an insurance consultant, under these circumstances.

■ Bulk Service also argued at trial that this court's decision in *Economy Fire & Casualty Co. v. Bassett* (1988), 170 Ill. App. 3d 765, 525 N.E.2d 539, warrants the reversal of the circuit court's decision granting Buick's motion to dismiss. In *Economy Fire*, we imposed tort liability on an insurance broker for failure to obtain proper insurance coverage. We find *Economy Fire* distinguishable, however. First, Buick is an insurance consultant, whereas *Economy Fire* involved an insurance broker. Second, the application of *Moorman* was neither raised nor addressed in *Economy Fire*. Therefore, *Economy Fire* is not controlling, and we do not apply it to the present case.

■ ■ On appeal, Bulk Service argues that Buick is not protected by *Moorman* because an insurance consultant who negligently fails to

procure an adequate insurance policy falls under the express *Moorman* exemption which allows recovery, in tort, of economic losses when "one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89, 435 N.E.2d 443, 452.) While we recognize that on a motion to dismiss, all well-pleaded facts and inferences are accepted as true (*Szajna v. General Motors Corp.* (1986), 115 Ill. 2d 294, 503 N.E.2d 760), in this case neither Bulk Service's complaint, nor the record convinces us that this theory was sufficiently pled (see *Zahorik v. Smith Barney, Harris Upham & Co.* (N.D. Ill. 1987), 664 F. Supp. 309) or raised and argued in the court below. Therefore, this argument is not properly before us, and we do not address its merits.

For the reasons stated above, the decision of the circuit court granting Buick's motion to dismiss is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.